**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2834
_____

UNITED STATES OF AMERICA

v.

PAUL CHRETIEN,
                                   Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-19-cr-00262-001)
District Judge:  Honorable Joy Flowers Conti

Submitted Under Third Circuit L.A.R. 34.1(a)
(April 26, 2022)

BEFORE:  HARDIMAN, NYGAARD, and FISHER, *Circuit Judges*

(Filed: May 9, 2022)

_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Chretien pleaded guilty to two offenses related to child pornography. He was sentenced to a term of 72 months' imprisonment and 5 years' supervised release for each count. His plea agreement specifically excepted the right to appeal the District Court's denial of his motion to suppress evidence. Chretien now exercises his right to appeal, and we will affirm.

We need not labor over the facts and instead refer the reader to the District Court's able description of the record in its opinion. We review the denial of a motion to suppress for clear error as to the underlying facts, but exercise plenary review as to the District Court's legal conclusions. *United States. v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010).

On appeal, Chretien argues the District Court erred by denying his motion to suppress evidence because the affidavit supporting the February 5th warrant did not provide probable cause. We disagree. [1]

As an initial matter, we give great deference to the issuing judge's initial probable cause determination. *See United States v. Williams*, 974 F.3d 320, 350 (3d Cir. 2020). We evaluate only whether that judge "had a substantial basis for concluding that probable cause existed." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010). And we will uphold a warrant where the contents of the affidavit show a fair probability that contraband or evidence of a crime will be found in the place to be searched. *See Williams*, 974 F.3d at 350–51.

---

[1] Chretien also argues that the information obtained as a result of the allegedly defective search warrant cannot be saved by the good faith exception. Because we conclude that the affidavit provided a substantial basis for establishing probable cause, we do not address this argument.

Here, we agree with the District Court that the affidavit provided a substantial basis for finding probable cause. The affidavit stated Google had discovered an image of apparent child pornography, and that further investigation of this image revealed it was uploaded from an IP address linked to Chretien and his home address, and from a Google account registered using Chretien's phone number. The Detective's affidavit also explained that, based on his extensive experience investigating child pornography crimes, he knew child pornography was often stored as electronic data and that persons who distribute and possess child pornography often maintain their collections for long periods of time. The information in the affidavit thus established a fair probability that evidence of a child pornography crime would be found on the computer equipment at Chretien's residence, and thus ultimately provided a substantial basis for finding probable cause. *See United States. v. Vosburgh*, 602 F.3d 512, 526–31 (3d Cir. 2010).

Chretien's arguments to the contrary are unconvincing. His argument that the affidavit could not establish probable cause because it did not specify the date the child pornography was uploaded is unsupported by law and belied by the record. The upload date of the image is unnecessary as the determination of probable cause depends on the totality of circumstances in the affidavit. *United States v. Shields*, 458 F.3d 269, 277 (3d Cir. 2006). In any event, the affidavit explains that the gretskicarol@gmail.com Google account was first registered on April 30, 2018, and that on May 1, 2018, Google discovered the child pornography. The affidavit thus provides, at the very least, the two-day period during which the image was uploaded.

3

Chretien's argument that the affidavit lacked probable cause because it did not prove he knew of the child pornography image also fails. The affidavit did not need to state Chretien specifically knew of the image to establish probable cause. Rather, the totality of the circumstances in the affidavit needed to establish a fair probability that evidence of a crime will be found at the place to be searched. Here, the affidavit stated the image was uploaded from an IP address Chretien subscribed to and by a Google account registered using Chretien's phone number. This information alone was sufficient to establish probable cause. *See Vosburgh*, 602 F.3d at 527.

We are similarly unpersuaded by Chretien's argument that the affidavit lacked a basis for concluding he maintained a collection of child pornography, or that images of child pornography are kept for long periods of time. Not so. The affidavit contained information which suggested Chretien had uploaded the child pornography image Moreover, the Detective's statements that child pornographers hoard child pornography for long periods were not apropos of nothing; they were based on what Detective Dish had "learned through training and experience." Joint Appendix at 54. We have held that where information establishes a defendant could be a collector of child pornography, the probable cause analysis can, and must, "account for the accepted fact that child pornography collectors tend to hoard their materials for long periods of time." *Vosburgh*, 602 F.3d at 530.

Lastly, we are unconvinced by Chretien's argument that because nine months elapsed between the date Google reported the child pornography and the date the affidavit was filed, the information was too stale to provide probable cause. We have

4

previously held that "information concerning such crimes has a relatively long shelf life. It has not been, and should not be, quickly deemed stale." *Vosburgh*, 602 F.3d at 529. This is because computer evidence sought in child pornography cases like Chretien's "is not the type of evidence that rapidly dissipates or degrades. Nor is it the type of property that is usually quickly or continuously discarded." *Id*. For this reason, we have rejected staleness arguments in child pornography cases similar to Chretien's. *Vosburgh*, 602 F.3d at 528; *Shields*, 458 F.3d at 279 n.7; *United States. v. Harvey*, 2 F.3d 1318, 1322–23 (3d Cir. 1993). As Chretien cannot distinguish these cases from his own, his staleness argument fails.[2]

For these reasons, we affirm.

---

[2] Chretien's attempts to distinguish his case from *Vosburgh* are unconvincing. He claims that unlike the defendant in *Vosburgh*, he did not own his residence, and did not live there alone. Chretien did not advance this argument before the District Court, and thus cannot raise it for the first time on appeal. *United States v. Joseph*, 730 F.3d 336, 338 (3d Cir. 2013).